## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| JACK's HOSPITALITY SERVICES, LLC and LARRY | ) | |
| BURRELL, d/b/a/ JACK'S ROUTE 66 DINER, | ) | |
| | ) | |
| Defendants. | ) | |

## **NATURE OF THE ACTION**

The United States Equal Employment Opportunity Commission (the "Commission" or

"EEOC") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to

compel Defendants, Jack's Hospitality Services, Inc., and Larry Burrell, both d/b/a Jack's Route

66 Diner, ("Defendants"), to comply with two Settlement Agreements, achieved through the

EEOC mediation process, in resolution of two charges filed on the basis of sex (female)

discrimination, and to provide appropriate relief to Melissa Benavidez, and Annette Waters, the

Charging Parties.

The Commission alleges in that it entered into a Mediation Settlement Agreement

("Agreement") with Defendants on March 6, 2006, in settlement of Charge No. 280-2005-

05467C which Benavidez filed with the EEOC. The Commission further alleges that Defendants

have breached the Agreement in that they have failed and refused to abide by the terms of the

Agreement in that they have failed to pay $6,500 to Benavidez as required by the agreement.

The Commission also alleges that it entered into a Mediation Settlement Agreement ("Agreement") with Defendants on December 7, 2005, in settlement of Charge No. 280-2005-05268C which Waters filed with the EEOC. The Commission further alleges that Defendants have breached the Agreement in that they have failed and refused to abide by the terms of the Agreement in that they have failed to pay $3,500 to Waters as required by the agreement.

## JURISDICTION AND VENUE

1.     Jurisdiction o+f this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

3.     Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this lawsuit pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Jack's Hospitality Services, LLP has continuously been a Missouri corporation doing business in the State of Missouri, having its registered office in the City of St. Robert, Missouri, and has continuously had at least 15 employees and has done business under the fictitious name "Jack's Route 66 Diner"

2

5.     At all relevant times, Defendant Larry Burrell has continuously been a Missouri resident doing business under the fictitious name "Jack's Route 66 Diner" in the State of Missouri, and whose business is located in the City of St. Robert, Missouri, and has continuously had at least 15 employees.

6.     At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Benavidez and Waters each filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     On or about March 6, 2006, Defendants entered into a settlement agreement with Benavidez and the Commission settling Benavidez's charge against Jack's Route 66 Diner. On or about December 7, 2005, Defendants entered into a settlement agreement with Waters and the Commission settling Water's charge against Jack's Route 66 Diner. Defendants have breached these settlement agreements as described below:

a.     Since at least April 15, 2006, Defendants have failed and refused to comply with the terms of the Agreement they entered into with the Commission and Benavidez on or about March 6, 2006. The agreement was reached and executed at the offices of the EEOC in the City of St. Louis, Missouri. Defendants have made one payment of $1,000, but have failed and refused to make the additional

3

payments to Benavidez required by the agreement in the total amount of $6,500.
A copy of the Agreement is attached hereto as Exhibit A.

b.      Since at least January 2, 2006, Defendants have failed and refused to comply with
the terms of the Agreement they entered into with the Commission and Waters on
or about December 7, 2005.  The agreement was reached and executed at the
offices of the EEOC in the City of St. Louis, Missouri.  Defendants have paid
$2,500, but have failed and refused to make the additional payments to Waters
required by the agreement in the total amount of $3,500.  A copy of the
Agreement is attached hereto as Exhibit B.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.      Grant a judgment ordering Defendants to pay Benavidez the amount of unpaid
damages Defendants negotiated and agreed to pay, to wit $6,500, plus prejudgment interest, and
legal costs associated with the collection of the amount due and owing.

B.      Grant a judgment ordering Defendants to pay Waters the amount of unpaid
damages Defendants negotiated and agreed to pay, to wit $3,500, plus prejudgment interest, and
legal costs associated with the collection of the amount due and owing.

C.      Grant a permanent injunction compelling specific performance of the agreement
entered into and executed by Defendants with Benavidez and the Commission through the
Commission's mediation process.

4

D.      Grant a permanent injunction compelling specific performance of the agreement entered into and executed by Defendants with Waters and the Commission through the Commission's mediation process.

E.      Order Defendants to make whole Benavidez by providing her compensation for any past and future pecuniary losses resulting from the breach of the agreement described in paragraph 7a above, in amounts to be determined at trial.

F.      Order Defendants to make whole Waters by providing her compensation for any past and future pecuniary losses resulting from the breach of the agreement described in paragraph 7b above, in amounts to be determined at trial.

G.      Order Defendants to pay punitive damages for its malicious and/or reckless conduct described in paragraphs 7a and 7b above.

H.      Order such further relief, including a monetary penalty, as this Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

Respectfully Submitted,

RONALD COOPER
General Counsel

ROBERT G. JOHNSON, No. 10511
Regional Attorney

5

C. FELIX MILLER, No. 10549
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
(314) 539-7949
Felix.miller@eeoc.gov

6